■ In the Matter of the Young Men's Philanthropic League, Respondent, v Tax Commission of the City of New York, Appellant. — Judgment, Supreme Court, New York County, entered July 2, 1979, which, inter alia, vacated respondent Tax Commission's determination revoking petitioner's tax exemption, unanimously affirmed, without costs or disbursements. We cannot find a rational basis for respondent's determination that petitioner's primary purpose is not charitable, but social and recreational. The certificate of incorporation clearly shows that petitioner, founded in 1925, was organized "To foster and promote the spirit of charity and benevolence among the members, and to aid in charitable enterprises." That petitioner has been faithful to its calling is reflected by "the magnitude of [its] charity and the great number of worthy objects of its lavish bounty over the years", as Special Term observed. This characterization of petitioner's activities is amply documented in the record and was not contradicted. While a spirit of fraternity prevails among petitioner's members, the camaraderie which unites them in common cause detracts in no way from the primary purpose. Nor do we find a rational basis to conclude that the subject property is not primarily being used to carry out this purpose. The social conveniences provided to the members through use of the building and its facilities are secondary and only incidental to petitioner's charitable pursuits. (See Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey, 35 AD2d 161, affd 29 NY2d 621.) The members' involvement in charitable activities does not compel relinquishment of amenities which may arise in the course of their charitable works. We have examined the other contentions raised by the Tax Commission and find that they are without merit. Concur — Sullivan, J.P., Markewich, Lupiano, Silverman and Bloom, JJ.